Dear Mr. Bergeron:
You have asked this office to advise you whether a clerk of court or his deputy clerk may notarize vehicle titles that are submitted to the Department of Public Safety. For the following reasons, we respond in the negative.
By constitutional and statutory authority, the clerk of court is ex-officio a notary public. LSA-Const. Art. V, § 28 (1974), R.S.13:751, and C.C.P. Art 287, provide respectively:
§ 28. Clerks of Court
 Section 28. (A) Powers and Duties; Deputies. In each parish a clerk of the district court shall be elected for a term of four years. He shall be ex-officio notary public and parish recorder of conveyances, mortgages, and other acts and shall have other duties and powers provided by law and, with the approval of the district judges, he may appoint minute clerks with duties and powers provided by law.
* * * * *
§ 751. Ex-officio Offices
 The clerks of the several district courts shall be parish registers of conveyances and recorders of mortgages, and notaries public, ex-officio.
* * * * *
Art. 287. District court clerk ex officio notary
 The clerk of a district court is ex officio a notary; and as such, may administer oaths and exercise all of the other functions, powers and authority of a notary.
Performance of notarial services is part of the official duties of the clerk of court. See Attorney General Opinion 94 (1936-38), copy attached. The clerks of court as ex officio notaries public may make a reasonable charge for drawing deeds, mortgages, chattel mortgages, liens, or other instruments. See R.S. 13:844(C).
By Act 1142 of the 2003 Louisiana Regular Legislative Session, R.S. 35:392.1 was enacted, providing:
§ 392.1. Ex officio notaries
 Any person, not a regularly commissioned notary, who is an ex officio notary, or who is otherwise authorized under the various revised statutes and codes of this state to administer oaths or exercise any or all of the functions, powers and authority of a notary, is authorized to perform those functions, powers, and authority only as they are directly related to and required for the operation of the office, agency, or department under which the authority is granted. All acts which are performed beyond the specific authority granted in the various statutes and codes of this state to administer oaths and to perform the functions, powers, and authority of a notary and which are not directly related to or required for the operation of the office, agency, or department shall be null and void.
Thus, a clerk of court who is an ex officio notary, is authorized to perform these functions only as they are "directly related to and required for the operation of the office, agency, or department". This office is of the opinion that a clerk of court may not notarize car titles and bills of sale which are submitted to the Department of Public Safety as this act is outside those functions relating to the clerk of court's office. Those acts which may be done by the clerk of court are set forth generally in C.C.P. Arts. 282 and 283, providing:
Art. 282. Acts which may be done by district court clerk.
The clerk of a district court may:
 (1) Grant an appeal and fix the return day thereof; fix the amount of the bond for an appeal, or for the issuance of a writ of attachment or of sequestration, or for the release of property seized under any writ, unless fixed by law; appoint an attorney at law to represent a nonresident, absent, incompetent, or unrepresented defendant; or dismiss without prejudice, on application of plaintiff, an action proceeding in which no exception, answer, or intervention has been filed; and
 (2) Probate a testament, when there is no opposition thereto; homologate an inventory; confirm or appoint a tutor, undertutor, undertutor ad hoc, curator, undercurator, undercurator ad hoc, administrator, executor, or dative testamentary executor, when there is no opposition thereto; appoint an attorney for absent heirs; and approve and accept the bond required of a legal representative for the faithful performance of his duties.
* * * * *
 Art. 283. Orders and judgments which may be signed by district court clerk
 The clerk of a district court may sign any of the following orders or judgments:
 (1) An order or judgment effecting or evidencing the doing of any of the acts authorized in Article 282;
 (2) An order for the issuance of executory process, of a writ of attachment or of sequestration, or of garnishment process under a writ of fieri facias, attachment, or of sequestration; the release under bond of property seized under a writ of attachment or of sequestration; or to permit the filing of an intervention;
 (3) An order for the execution of a probated testament; the affixing of seals; the taking of an inventory; the public sale of succession property to pay debts, on the written application of the succession representative accompanied by a list of the debts of the succession; the advertisement of the filing of a tableau of distribution or of an account by the legal representative; or requiring a legal representative to file an account; or
 (4) An order for the issuance of a rule against the inheritance tax collector to show cause why inheritance taxes should or should not be decreed due; or to permit a party to institute and prosecute, or to defend, a suit without the payment of costs, under the provisions of Article 5181 through 5188.
 When an order signed by the clerk requires the services of a notary, the clerk shall appoint the notary suggested by the party obtaining the order.
Further, the Department of Public Safety and Corrections has statutorily authorized notaries as provided in R.S. 35:393.1:
 § 393.1 Ex officio notaries public for the Department of Public Safety and Corrections; appointment by secretary
 A. Notwithstanding any provision in the law relative to qualifications for and limitations on the number of notaries public, the secretary of the Department of Public Safety and Corrections is authorized to designate officers in his office and appoint them as ex officio notaries public.
 B. Each officer so appointed may exercise the functions of a notary public only to administer oaths, receive sworn statements, and shall otherwise be limited to matters within the official function of the Department of Public Safety and Corrections.
 C. All acts performed by such an ex officio notary public authorized by this Section shall be performed without charge or other compensation and with the necessity of giving bond.
 D. The secretary may suspend or terminate any appointment made pursuant to this Section at any time, and separation from the employ of the Department of Public Safety and Corrections shall automatically terminate the powers of such an ex officio notary public.
For the aforementioned reasons, we conclude the clerk of court may not notarize vehicle titles. Opinion 84-9 is recalled as in conflict with R.S 35:392.1.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 84-9
January 24, 1984
10 — CLERKS OF COURT-Powers Duties
Duly-appointed deputy clerks may function as ex-officio notaries public; such function is part of official duties of clerk of court; any notarial fees so generated are public funds.
R.S.: 13:751, 752, 13:781; 13:910
ARTICLE 287, C.C.P.
Mr. Howard P. Elliott, Jr. General Counsel Department of Public Safety Office of the Secretary P.O. Box 66614 Baton Rouge, LOUISIANA 70896
Dear Mr. Elliott:
You have requested the opinion of this office as to whether or not deputy clerks of court may notarize vehicle transfers that are submitted to the Department of Public Safety.
You point out that Article 287 of the Code of Civil Procedure provides that the clerk of a district court is ex-officio a notary. In addition, R.S. 13:751 provides:
The clerks of the several district courts shall be parish registers of conveyances and recorders of mortgages, and notaries public, ex-officio.
The surety bond required of clerks of the district courts by R.S. 13:752
must also cover his function as an ex-officio notary public, because performance of notarial services is a part of the official duties of the clerk of court. Opinions of Attorney General, 1936-1938, page 94. Fees generated by one performing such official duties generally are public funds.
R.S. 13:781 provides in part, as follows:
. . . the clerk of the district court shall collect all fees and charges due his office and deposit them in a fund known as the Clerk's Salary Fund. The clerk shall keep an accurate set of books in connection with this fund showing all receipts of his office, including notarial fees, . . .
The provisions of that Section clearly provide that the notarial fees charged by a clerk of court, as an ex-officio notary, are public funds to be deposited and accounted for by him.
The question now turns to the appointment of deputy clerks and their powers and duties. R.S. 13:910 provides:
A clerk of a district court, with the approval of the court, may appoint deputy clerks who possess all of the powers and authority of the clerk, except as otherwise provided by law.
We have found no law to restrict such duly-appointed deputy clerks from functioning as ex-officio notaries public. It follows, therefore, that deputy clerks may function as ex-officio notaries public and, accordingly, may notarize motor vehicle transfer documents and may charge for this service.
It follows, further, that since such notarial services are rendered in an ex — officio capacity, the notarial fees for such services are public funds and must be turned over to the clerk to be deposited and accounted for under the provisions of R.S. 13:781.
It follows also that the conduct and functioning of deputy clerks as ex — officio notaries public are the responsibility of the clerk of the district court and the surety on his bond. See Opinions of the Attorney General, 1942 — 1944, page 184, where it was stated that the clerk of court and his surety were liable for the failure of a deputy clerk to turn over a fee for the issuance of a marriage certificate.
Inasmuch as only the clerk of court himself is required to furnish bond, which covers his official function as clerk, as well as his function as ex-officio notary, that bond must also cover the functions of his deputy clerks who are also ex-officio notaries.
In summary, therefore, it is the opinion of this office that deputy clerks may function as ex-officio notaries public because such function is a part of the official duties of the clerk of court. They may notarize motor vehicle transfers that are submitted to the Department of Public Safety.
If this office can be of further assistance to you, please do not hesitate to contact us.
Yours very truly,
 William J. Guste, Jr. Attorney General
 By: Warren E. Mouledoux First Assistant Attorney General
La. Atty. Gen. Op. No. 84-9